UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN RE DEPOSITION SUBPOENAS ISSUED TO NON PARTIES DORA AND JUANA RODRIGUEZ, | ) ) ) ) |
| MARIA ELENA RODRIGUEZ, | ) Case No. 1:25-mc-16 ) ) |
| Plaintiff, | ) ) |
| DORA RODRIGUEZ, | ) Judge Curtis L. Collier ) Magistrate Judge Michael J. Dumitru ) |
| Interested Party, | ) ) |
| JUANA RODRIGUEZ, | ) ) |
| Interested Party. | ) |

## **M E M O R A N D U M**

Before the Court is a motion by Defendants, Meta Platforms, Inc.; Instagram, LLC; Facebook Payments, Inc.; Siculus, Inc.; and Facebook Operations, LLC, (collectively "Meta Defendants"), to compel foreign subpoena enforcement against nonparties Dora and Juana Rodriguez. (Doc. 1.) Plaintiff Maria Elena Rodriguez responded in opposition to the motion. (Doc. 10.)

Meta Defendants also move to transfer the enforcement motion (Doc. 1) to the judge who is presiding over the ongoing multi-district litigation (MDL) from which the deposition subpoenas were issued, Judge Yvonne Gonzalez Rogers in the United States District Court for the Northern District of California. (Doc. 2.) *See generally In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, Case No. 4:22-MD-03047-YGR, MDL No. 3047. Plaintiff does not oppose the motion and agrees that the subpoena dispute should be transferred to the MDL Court. (Doc. 9.) This matter is now ripe for review.

I.  **BACKGROUND**

On October 6, 2022, the Judicial Panel for Multidistrict Litigation formed MDL No. 3047, *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, and assigned the case to the Northern District of California. (Doc. 1 at 1.) This litigation involves over 1,400 lawsuits stemming from the alleged negligent design of Defendants' social media platforms. (*Id.*) Plaintiffs, mostly adolescents and young adults, have alleged that Defendants' social media platforms are defective and have caused various emotional and physical harms. (*Id.*)

On April 1, 2024, Plaintiff Maria Elena Rodriguez filed her lawsuit individually and on behalf of her deceased daughter, M.G. (*Id.* at 2.) Plaintiff's lawsuit was selected as one of the twelve bellwether cases in which the parties would conduct full discovery, including deposing plaintiffs, family members, friends, and healthcare providers. (*Id.*) Judge Yvonne Gonzales Rogers and the Northern District of California have managed the underlying actions since the MDL was formed on October 6, 2022.[1] (Doc. 2 at 3.)

Plaintiff originally identified nonparties Dora and Juana Rodriguez in the group of fact witnesses whom Plaintiff believed possessed the most significant information concerning: (1) M.G.'s use of social media, and (2) M.G.'s claimed injuries, illnesses, and/or conditions.[2] (Doc.

---

[1] Magistrate Judge Peter H. Kang was assigned the case and has been managing discovery requests since November 9, 2023. (*See* Case No. 4:22-MD-03047-YGR, MDL No. 3047, Doc. 419.)

[2] The parties dispute whether Plaintiff also identified Dora and Juana Rodriguez in her Rule 26 initial disclosures. (Doc. 1 at 2; Doc. 10 ¶ 4.) Plaintiff's initial disclosure states that "Plaintiff incorporates by reference their Plaintiff Fact Sheets." (Doc. 1-4 at 3.) Because Plaintiff's Fact Sheet included Dora and Juana Rodriguez, it appears she did identify the two by incorporation in her initial disclosures.

2

1-2 at 61.) Dora and Juana Rodriguez are Plaintiff's sisters and M.G.'s aunts, and they all reside on the same block in Dalton, Georgia. (Doc 1 at 2.)

On July 22, 2024, Defendants sent Plaintiff's counsel a notice of intent to serve document subpoenas on Dora and Juana Rodriguez and confirmed that Plaintiff's counsel was authorized to accept service on behalf of them. (Doc. 1-3.) On December 26, 2024, Defendants notified Plaintiff's counsel once again that they intended to depose Dora and Juana Rodriguez. (Doc. 1 at 3.) After emailing notices of deposition for Dora and Juana Rodriguez, the two were personally served with their deposition subpoenas on February 26, 2025. (*Id*.)

The depositions of Dora and Juana Rodriguez were scheduled to occur March 18 and 19, 2025, at the Westin Chattanooga hotel in downtown Chattanooga, Tennessee. (*Id*.) Both Dora and Juana Rodriguez indicated to Defendants that they had reservations about appearing for the depositions. (*Id*. at 3–4; Doc. 10 ¶ 9.) Dora Rodriguez stated that she was unable to sit for a deposition due to health concerns including anxiety. (Doc. 1 at 3.) After initially agreeing to the deposition, Juana Rodriguez later stated she would not sit for a deposition because it was stressful to talk about M.G. and "she did not know anything about it." (*Id*. at 3–4.) Dora and Juana Rodriguez failed to appear for their depositions. (*Id*. at 4.)

On March 20, 2025, Defendants emailed Dora and Juana Rodriguez and informed them that their attendance for their subpoenaed depositions was still required. (*Id*.) On March 22, 2025, a hard copy of the email was served on Dora Rodriguez, but Defendants were ultimately unsuccessful in serving Juana Rodriguez with a hard copy of the email. (*Id*.) On March 25, 2025, Defendants spoke to Dora Rodriguez who stated once again she could not sit for a deposition due to her anxiety. (*Id*. at 5.)

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Meta Defendants now move to compel subpoena enforcement against nonparties Dora and Juana Rodriguez and seek to transfer the enforcement motion to the issuing court in the Northern District of California. (Docs. 1, 2.)

## II. STANDARD OF REVIEW

Because a transfer of the enforcement motion to the Northern District of California would render the discovery issue moot, the Court will first consider whether transfer is appropriate.

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to attend and testify at a deposition. Fed. R. Civ. P. 45(a)(1). Rule 45 permits the Court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Under some circumstances, a party will file a motion to compel deposition attendance in a non-issuing court where compliance is required. When appropriate however, the non-issuing court may transfer the motion to the issuing court. Fed. R. Civ. P. 45(f). Rule 45(f) provides as follows:

> (f) TRANSFERRING A SUBPOENA-RELATED MOTION. When the court where compliance is required did not issue the subpoena, **it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.** Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

*Id.* (emphasis added).

In evaluating whether there are "exceptional circumstances" warranting transfer, courts consider several factors, including "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Diversified Energy Co. PLC v. Inst. for Energy Econ. & Fin. Analysis*, No. 1:23-MC-31, 2023 WL 5831414, at *4 (N.D. Ohio Sept. 8, 2023) (citation omitted). "The prime

4

concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendment. Yet, in some circumstances, transfer may be warranted "in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

The proponent of transfer bears the burden of showing that extraordinary circumstances are present. *Id.* The decision of whether to transfer is discretionary. *See, e.g., Diversified Energy Co.,* 2023 WL 5831414, at *4.

### III. DISCUSSION

Meta Defendants move the Court to transfer the enforcement motion to the Northern District of California for three main reasons. First, Meta Defendants argue a ruling by this Court risks disrupting the underlying MDL litigation schedule, which has quickly-approaching deadlines. (Doc. 2 at 3.) Second, Meta Defendants argue the burden that transfer would place on Dora and Juana Rodriguez is likely minimal, as Judge Rogers routinely holds virtual hearings in the MDL. (*Id*. at 4.) Lastly, Meta Defendants argue the MDL court is in a better position to rule on the dispute given the duration and complexity of the underlying case. (*Id*. at 5.) Plaintiff does not oppose the motion and agrees that transfer of the motion is necessary. (Doc. 9 at 1.)

The Court agrees and finds that transferring the enforcement motion to the Northern District of California pursuant to Rule 45(f) is appropriate. The Northern District of California has presided over the MDL litigation since October 6, 2022. (*See* Case No. 4:22-MD-03047-YGR,

5

MDL No. 3047, Doc. 1.) Over the thirty months the MDL has been pending, the Northern District of California has managed discovery and adjudicated several previous discovery disputes. (*See, e.g.*, *id.*, Docs. 220, 240, 262, 289, 303, 325, 484, 573, 718, 777, 858, 968, 1011, 1141, 1220, 1227, 1370, 1580.) "Judicial economy would be served by having all discovery disputes resolved by the same court." *Bauer v. Hill*, No. CV 2:23-MC-29, 2023 WL 6170550, at *2 (S.D. Ohio Sept. 22, 2023) (citation omitted). Moreover, "[t]ransfer can be appropriate when it would avoid interference with a time-sensitive discovery schedule issued in the underlying action." *Id.* (citation omitted). Here, a ruling by this Court risks disrupting the issuing court's scheduling order, which had a deadline for fact discovery on April 4, 2025, and a deadline for identification of bellwether trial picks within two months. (Case No. 4:22-MD-03047-YGR, MDL No. 3047, Doc. 1159.)

Further, the Northern District of California is in a better position to assess any prejudice caused by Dora and Juana Rodriguez's failure to appear at their depositions and what sanctions, if any, are warranted for that failure. *See Bauer*, 2023 WL 6170550, at *2. "While, as a general matter, a Fed. R. Civ. P. 45 subpoena-related motion will always be resolved by a court less familiar with the underlying litigation, here, the Northern District of [California's] understanding of the issues implicated in this discovery dispute exceeds mere familiarity." *See Diversified Energy Co.*, 2023 WL 5831414, at *6 (internal quotations omitted). "In Plaintiff's case alone, over 10,000 pages of medical records, academic records, and social media documents have been produced." (Doc. 2 at 6.) Through its management of the discovery process and the bellwether trial protocol, the Northern District of California has developed a thorough understanding of the complex MDL and is intimately familiar with the underlying facts and legal issues in the case. *See Diversified Energy Co.*, 2023 WL 5831414, at *6. The "deep and rigorous understanding of the

6

issues implicated in this dispute" weighs in favor of transfer. *See id*. (quoting *Drips Holdings, LLC v. QuoteWizard.com LLC*, 2021 WL 1517919 at \*6 (N.D. Ohio April 16, 2021)).

Finally, the burden that transfer will place on nonparties Dora and Juana Rodriguez will likely be slight. *See* Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendment. Although Dora and Juana Rodriguez live in Dalton, Georgia, Judge Rogers and Magistrate Judge Kang "routinely hold virtual hearings in the MDL." (Doc. 2 at 4.) Any minimal interest in local resolution of the subpoena dispute does not outweigh the exceptional circumstances discussed above. *See* Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendment. Accordingly, the Court finds that the exceptional circumstances here warrant the transfer of Meta Defendant's enforcement motion to the issuing court.

## IV. CONCLUSION

For these reasons, the Court will **GRANT** Meta Defendant's motion to transfer the enforcement motion. (Doc. 2.) The Clerk of Court will be **DIRECTED** to **TRANSFER** Meta Defendant's motion to compel foreign subpoena enforcement against nonparties Dora and Juana Rodriguez (Doc. 1) to Judge Yvonne Gonzalez Rogers in the Northern District of California in Case No. 4:22-MD-03047-YGR, MDL No. 3047, and **CLOSE** this miscellaneous action.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**